IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EBONI SIMONE ARPS, #14231078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:21cv807 |
| | § | |
| SHERIFF MARK JOHNSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Petitioner Eboni Simone Arps filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## PROCEDURAL BACKGROUND

Petitioner filed the above-referenced petition for writ of habeas corpus on October 4, 2021. (Dkt. #1). Petitioner claimed that she had been wrongfully imprisoned based upon a miscalculation of her sentence and sought "immediate release from federal custody." (Dkt. #1, pp. 6, 7). Respondent was ordered to show cause on November 1, 2021 (Dkt. #5), and again on March 22, 2022 (Dkt. #7). As of this date, no acknowledgment of receipt has been filed and no response has been filed. In light of receiving no response from Respondent, the undersigned conducted an independent review of the Bureau of Prisons ("BOP") website and determined that Petitioner was released from custody on February 11, 2022.[1]

---

[1] *See* https://www.bop.gov/inmateloc/

## DISCUSSION

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. Feb. 22, 2007) (not designated for publication) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding case mooted by petitioner's release from prison)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)) (citing *Spencer v. Kemna*, 53 U.S. 1, 7 (1998)); *see also Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)). "'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus whether a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because Petitioner has already been released and received the sole relief she requested, her petition is moot, and the Court is without jurisdiction to consider the issue raised by this petition. *Herndon*, 985 F.3d at 446 (citing *Bailey*, 821 F.2d at 278) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement").

2

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for writ of habeas corpus be dismissed without prejudice for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of June, 2022.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE